UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>JESUS GONZALEZ-GONZALEZ,<br><br>          Defendant. | NO. CR-10-2095-EFS<br>(NO. CV-12-3113-EFS)<br><br>**ORDER DENYING MR. GONZALEZ-GONZALEZ'S HABEAS PETITION** |

On September 24, 2012, the Court granted Defendant Jesus Gonzalez-Gonzalez leave to amend his pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("habeas petition"). ECF Nos. 127 & 128. Rather than file an amended habeas petition, Mr. Gonzalez-Gonzalez filed a Response, ECF No. 129, to the Court's Order. In his Response, Mr. Gonzalez-Gonzalez contends he received ineffective assistance of counsel because defense counsel filed frivolous pretrial motions, negotiated a plea agreement that was not factually supported, and failed to ensure that the Court had sufficient information to conduct its 18 U.S.C. § 3553 sentencing analysis. Missing from the Response, however, are any facts to support a finding that Mr. Gonzalez-Gonzalez's guilty plea and waiver of his right to appeal, as contained in the Plea Agreement, ECF No. 102 ¶ 18,

ORDER - 1

were unknowing or involuntary. Mr. Gonzalez-Gonzalez does not claim that defense counsel failed to either meet with him or sufficiently explain the Plea Agreement's terms. And Mr. Gonzalez-Gonzalez does not contest that the Court advised Mr. Gonzalez-Gonzalez of the Plea Agreement's terms at the change-of-plea hearing.

Accordingly, whether defense counsel filed frivolous pretrial motions or failed to present sufficient sentencing-related information is immaterial to the initial hurdle faced by Mr. Gonzalez-Gonzalez in bringing this habeas petition, i.e., whether he may seek habeas relief given that he waived his right to appeal, either directly or indirectly, his conviction and sentence. Because there is no evidence that Mr. Gonzalez-Gonzalez unknowingly or involuntarily waived his right to appeal, the Court determines he may not proceed with this habeas petition. *See Washington v. Lampert*, 422 F.3d 864, 870 (9th Cir. 2005).

For the above-given reasons and those set forth in the Court's September 24, 2012 Order, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, **ECF No. 127**, is **DENIED**.

2. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

///
//
/

ORDER - 2

3. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide a copy to Mr. Gonzalez-Gonzalez and the U.S. Attorney's Office.

**DATED** this 8th day of November 2012.

S/ Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Criminal\2010\2095.habeas.dismiss.lc1.wpd

ORDER - 3