UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>     v.<br><br>JESUS GONZALEZ-GONZALEZ,<br><br>                        Defendant. | No.  2:10-CR-02095-EFS-1<br><br>**ORDER DENYING RELIEF UNDER 18 U.S.C. § 3582(C) AND/OR 28 U.S.C. § 2255** |

Before the Court, without oral argument, is Defendant Jesus Gonzalez-Gonzalez' Untitled Motion, ECF No. 150, in which he seeks a sentence reduction, citing Amendment 782 to the United States Sentencing Commission Guidelines Manual ("Guidelines").  Benjamin Seal, appearing on behalf of the United States Attorney's Office, filed a response in opposition, ECF No. 154.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and finds Mr. Gonzalez-Gonzalez is not eligible for the relief sought.

In 2011, Mr. Gonzalez-Gonzalez admitted via plea agreement to manufacturing 8850 marijuana plants.[1] ECF No. 102 at 8.  At the time, his Base Offense Level, as well as the adjusted Total Offense Level, was calculated to be 30. ECF No. 115.  Given this offense level, and

---

[1] The Guidelines hold 8850 marijuana plants as being equivalent to no less than 885 KG of marijuana. *See* Application Note E to USSG 2d1.1.

Q:\EFS\Criminal\2010\2095.Deny.SentReduction.lc1

ORDER - 1

Mr. Gonzalez-Gonzalez' Criminal History Category of I, the Guidelines in effect at the time recommended a sentence of imprisonment between 157 and 181 months. ECF Nos. 124.  Nonetheless, on December 9, 2011, the Court accepted a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and sentenced Mr. Gonzalez-Gonzalez to 72 months imprisonment. ECF No. 123.

## I. SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(C)(2)

In November 2014, Amendment 782 to the Guidelines implemented a two-level reduction for offenses based on the drug quantity tables. *See* USSG App. C, Amend. 782; *see also* USSG § 2D1.1(c) (2015) (incorporating Amendment 782's changes).  Although 18 U.S.C. § 3582(c)(2) generally allows a sentencing court to reduce the term of imprisonment for a defendant who has been sentenced based on a range that has subsequently been lowered by an amendment to the Guidelines, this power is subject to an important limitation. *See* USSG § 1B1.10.  Even when the relevant Guidelines range has subsequently been lowered, the Court "shall not" reduce a defendant's sentence such that it would fall below the amended range.[2] *See* USSG § 1B1.10(b)(2)(A); *see also United States v. Davis*, 739 F.3d 1222, 1225-26 (9th Cir. 2014) (upholding the Sentencing Commission's low-end-of-Guideline-range limitation on retroactive sentencing reductions); *United States v. Tercero*, 734 F.3d 979, 982-84 (9th Cir. 2013) (same).

---

[2] This limitation does not necessarily apply if the defendant provided substantial assistance to authorities, and was therefore sentenced below the then-applicable guideline range. *See* USSG § 1B1.10(b)(2)(B).  Mr. Gonzalez-Gonzalez, however, provided no such assistance.

Here, after taking into account the two-level reduction, Mr. Gonzalez-Gonzalez's offense level would be reduced to 28, and he would retain his Criminal History Category of I. Even so, the Guidelines would still recommend imprisonment for a term of 78-97 months. *See* USSG Sentencing Table (2011). Because the lowest end of that amended range is greater than Mr. Gonzalez-Gonzalez' original sentence, the Court finds he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

## II.    RELIEF UNDER 28 U.S.C. § 2255 (*JOHNSON*)

Though Mr. Gonzalez-Gonzalez never again mentions the case — or presents any related arguments — his Motion includes a heading, "JOH[N]SON V. UNITED STATES," immediately after the caption. ECF No. 150. As such, the Court briefly addresses why it denies relief without reaching the merits of the issue.

In *Johnson v. United States*, the Supreme Court held that an increased sentence under the residual clause of the Armed Career Criminal Act of 1984 violated the Constitution's guarantee of due process. 135 S. Ct. 2551, 2563 (2015). Under the Act's residual clause, "violent felony" was too vaguely defined, because it included any felony that "involves conduct that presents a serious potential risk of physical injury to another." U.S.C. § 924(e)(2)(B); *see also Johnson*, 135 S. Ct. at 2557 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges."). Since that decision, numerous prisoners have used *Johnson* to

collaterally attack their sentences under 28 U.S.C. § 2255(a). *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016) (Thomas, J., dissenting).

Mr. Gonzalez-Gonzalez' Motion, however, is not a cognizable claim under 28 U.S.C. § 2255. In September 2012, Mr. Gonzalez-Gonzalez filed a "Motion to Vacate, Set Aside, or a Correction of Sentence Pursuant to 28 U.S.C. § 2255," ECF No. 127, which the Court denied, ECF No. 130. Because of this prior motion, Mr. Gonzalez-Gonzalez must seek, and obtain, certification by the Ninth Circuit Court of Appeals before this Court can even consider another motion for relief under § 2255. *See* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals . . . ."). Mr. Gonzalez-Gonzalez' Motion lacks the requisite certification.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Untitled Motion, **ECF No. 150**, is **DENIED**.

2. This file shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to Defendant, all counsel, and the U.S. Probation Office.

**DATED** this  15th  day of July 2016.

                                  s/Edward F. Shea
                                    EDWARD F. SHEA
                        Senior United States District Judge